# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIXIE AIRE TITLE SERVICES, INC., an Oklahoma corporation, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| SPW, L.L.C., a Missouri limited liability company; MILBERG, WEISS, BERSHAD AND SCHULMAN, L.L.P., a New York limited liability partnership; and JET NETWORK, L.L.C., a Florida limited liability company, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. CIV-07-0141-F

## ORDER[1]

From a review of the notice of removal filed February 5, 2007 (doc. no. 1), it is clear that this case was removed to this court on the basis that this court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy in excess of $75,000.).

According to the allegations in the notice of removal and in the first amended petition for interpleader, defendant SPW, L.L.C. is a Missouri limited liability corporation [sic] with its principal place of business in Missouri. The same pleadings identify defendant Jet Network, L.L.C. as a Florida limited liability company with its principal place of business in Florida. Finally, the same pleadings identify Milberg, Weiss, Bershad and Schulman, L.L.P. as a New York limited liability partnership with its principal place of business in New York.

---

[1] The order at doc. no. 6 is vacated, and this corrected order is substituted.

## Limited Liability Companies

The Tenth Circuit has not specifically ruled with respect to the method of determining the citizenship of a limited liability company for purposes of diversity jurisdiction. *But cf.*, Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc., 415 F.3d 1158, 1162 (10th Cir. 2005) ("It is undisputed that Shell is a Delaware limited liability corporation (LLC) and its principal place of business is Houston, Texas. Thus, Shell is a citizen of both Delaware and Texas."). However, every other circuit court that has addressed the question has determined that the citizenship of a limited liability company is the citizenship of its members. *See*, Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); General Tech. Applications, Inc. v. Exro Ltd., 388 F.3d 114,121 (4th Cir. 2004); GMAC Commer Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004); Rolling Greens MHP v. Comcast Sch. Holdings, 374 F.3d 1020, 1022 (11th Cir. 2004); Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 692 (7th Cir. 2003); and Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2nd Cir. 2000); *see also*, 15 James WM. Moore, Moore's Federal Practice § 102.57[8] (3d ed. 2006).

Although the pleadings identify defendant SPW, L.L.C. and defendant Jet Network, L.L.C. as limited liability companies formed under the laws of the states of Missouri and Florida respectively, the record does not allege the members of either of these limited liability companies or the citizenship of the members of either of these limited liability companies.

## Limited Liability Partnership

As previously stated, the notice of removal and the first amended petition for interpleader identify defendant Milberg, Weiss, Bershad and Schulman L.L.P., as a limited liability partnership. The United States Supreme Court has determined that for purposes of diversity jurisdiction, the citizenship of the limited partnership is the

citizenship of all of its members. Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990). The record does not allege the members of the Milberg limited liability partnership or the citizenship of those members.

### The Court's Duty to Inquire Into Its Own Jurisdiction

Because the allegations are inadequate to establish this court's diversity jurisdiction, and because the court has a duty to inquire as to whether jurisdiction is present, the removing defendant, SPW, L.L.C., is **DIRECTED** to file a statement, within 30 days of the date of this order, providing the following information.

The statement shall identify the members of Milberg, Weiss, Bershad and Schulman, L.L.P., and the citizenship of each of those members; and the members of SPW, L.L.C. and of defendant Jet Network, L.L.C., and the citizenship of each of those members. If any members of any of these entities are themselves limited liability companies or limited liability partnerships, then the statement shall further identify any such members and the citizenship of any such members. If information is not available to SPW, L.L.C. regarding Milberg, Weiss, Bershad and Schulman, L.L.P. or Jet Network, L.L.C., then the filing of that particular information is excused. In that event, the court will expect counsel to be prepared to discuss this aspect of the case at the status and scheduling conference to be held in this case.

Dated this 9th day of February, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0141p002.wpd