# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

DIXIE AIRE TITLE SERVICES, INC.,   )
                                       )
      Plaintiff,              )
                                         )
vs.                                 )   Case No. CIV-07-0141-F
                                       )
SPW, L.L.C., et al.,            )
                                       )
      Defendants.       )

## <u>ORDER</u>

Three motions, each brought by defendant Stuart L. Cauff and each seeking dismissal of cross-claims alleged against him by various defendants in this interpleader action, are before the court. Specifically, Mr. Cauff moves the court to dismiss him from the second amended cross-claim of SPW, L.L.C. ("SPW.") (Motion at doc. no. 132). SPW has responded to this motion. Mr. Cauff has filed a reply brief but it is stricken.[1] Mr. Cauff also moves the court to dismiss him from the cross-claims alleged by Milberg Weiss and Melvyn Weiss. (Motions at doc. nos. 104, 105). Although the time for any response is past, Milberg Weiss and Melvyn Weiss have not responded to Mr. Cauff's motions. All three motions are ready for determination.

---

[1]SPW's motion to strike Mr. Cauff's reply brief (motion at doc. no. 195) points out that Mr. Cauff's reply brief is longer than permitted by the local rules and that it was filed without permission. Mr. Cauff has recently filed a response, objecting to the motion to strike, which the court has considered. (Doc. no. 197.) The motion to strike is **GRANTED** and the reply brief is **STRICKEN**. The court makes the following alternative ruling. Having carefully reviewed all matters covered in Mr. Cauff's reply brief, the court finds them unpersuasive. Nothing stated in or attached to the reply brief changes the basic analysis or the result reached in this order. Another round of briefing is unnecessary.

I.  Standards for Determining Personal Jurisdiction

Common to the motions is Mr. Cauff's position that he should be dismissed from the cross-claims alleged against him under Rule 12(b)(2), Fed. R. Civ. P., because this court lacks personal jurisdiction over him.

There is no dispute that Mr. Cauff is a resident of the State of Florida and therefore a nonresident defendant with respect to the cross-claims alleged against him in this action.  Oklahoma's long-arm statute permits the exercise of jurisdiction over a nonresident defendant to the fullest extent permitted by the United States Constitution.  Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988).  Mr. Cauff's challenge therefore collapses into a single due process analysis under the standards of the United States Constitution.  See, id. (in Oklahoma the two-part inquiry collapses into a single due process analysis).

A defendant's rights under the Due Process Clause are protected by preventing litigation against a defendant in a distant forum where a defendant could not reasonably expect to be haled into court.  AST Sports Science v. CLF Distribution Limited, 2008 WL 217722 at *2 (10th Cir.), citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  A court may only exercise personal jurisdiction over a foreign defendant if the foreign defendant has certain minimum contacts with the forum state.  Id.  The minimum contacts standard can be met in two ways.  AST Sports Science, 2008 WL 217722 at *3 and cases cited there.  A court may assert specific jurisdiction over a defendant if the defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged activities.  Id.  Where a court's jurisdiction does not directly arise from a defendant's forum-related activities, the court may maintain general jurisdiction based on the defendant's general business contacts with the forum state.  Id.

Furthermore, the Due Process Clause permits a court to exercise jurisdiction over a nonresident defendant when the defendant has expressly consented to jurisdiction in the forum state, such as when, in a commercial context, a party stipulates in advance to submit their controversy for resolution within a particular jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n.14 (1985). When a party has consented to jurisdiction in the forum, analysis of a party's contacts with the forum state is unnecessary. Electronic Realty Associates, L.P. v. Vaughan Real Estate, Inc., 897 F. Supp. 521 (D. Kan. 1995).

Procedurally, when the court's jurisdiction is contested, the party alleging the claims against the nonresident defendant has the burden of showing personal jurisdiction over that defendant. AST Sports Science, 2008 WL 217722 at *2 and cases cited there. In the preliminary stages of litigation that burden is light. *Id*. Where the district court considers a pre-trial motion to dismiss without conducting a preliminary hearing as it does here, the party alleging jurisdiction need only make a *prima facie* showing of personal jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction. *Id*.

The plaintiff may make this *prima facie* showing by demonstrating via affidavit or other written materials facts which, if true, would support jurisdiction over the defendant. *Id*. When evaluating the *prima facie* case, the court is bound to resolve all factual disputes relevant to jurisdiction in favor of the party asserting jurisdiction. *Id*. The allegations of the complaint must be accepted as true to the extent they are uncontroverted by the defendant's affidavit. Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir. 1990).

Courts have considered the existence of alter ego claims as a factor in determining whether the court should subject an individual defendant to its personal jurisdiction at the pre-trial stage. *See*, Packer v. TDI Systems, Inc., 959 F. Supp. 192,

203 (S.D.N.Y. 1997) ("plaintiffs...made a sufficient showing to defeat...motion ... by reciting factual allegations constituting a *prima facie* showing of *alter ego* status"). For purposes of a motion to dismiss, a court may assume that an individual defendant was a business entity's alter ego so that an entity's act of consenting to jurisdiction is deemed to be the individual's act of consenting to jurisdiction. *Id.* This approach allows the court to reserve the merits of the alter ego claims and a final determination regarding personal jurisdiction until a later stage when the evidentiary record is more developed. *See*, *id.* (denying motion to dismiss without prejudice to the parties' ability to raise the personal jurisdictional issue after more discovery).

## II.  Motion to Dismiss SPW's Cross-Claims

### A.  Personal Jurisdiction Over Mr. Cauff

This order first takes up Mr. Cauff's challenges to the court's personal jurisdiction over him for purposes of SPW's cross-claims.[2]

SPW has presented evidence indicating that the letter of intent agreement pertaining to the "sale and purchase of One Gulfstream 1159A Aircraft" between SPW as seller and Jet Network, Inc. as purchaser ("the purchase agreement"), was "agreed to and accepted" by Mr. Cauff as "president" of "Jet Network." (Doc. 186, Ex. 6, pp. 1, 4.)  The purchase agreement provides that the purchaser shall deposit $250,000.00 with the escrow agent, Dixie Aire Title Services, Inc., at an address in Oklahoma City, Oklahoma. (Doc. no. 186, Ex. 6, p. 1, ¶ 6.)  The purchase agreement then refers to "The Escrow Agreement and Escrow Instructions," which it states "are further defined as Exhibit B" to the purchase agreement. (Doc. no. 186, Ex. 6, p.2.)

The escrow information referred to in the purchase agreement provides additional specifics regarding the manner in which the purchaser of the aircraft was

---

[2]SPW's cross-claims challenged by Mr. Cauff's motion to dismiss are found at doc. no. 131 styled "Defendant SPW, L.L.C.'s Second Amended Cross-Claim Against Defendants."

required to deliver $250,000.00 to the escrow agent in Oklahoma City.  (Doc.  no. 186, Ex. 7.)  There is no dispute regarding the fact that the deposit was made with Dixie Aire in Oklahoma City, as confirmed by Dixie Aire.  (Doc. no. 186, Ex. 7, p.2.) Page three of the escrow instructions further provided that in the event of a controversy, the escrowed funds could be deposited by the escrow agent "with the Court in Oklahoma City, OK in an Interpleader action."  (Doc. no. 186, Ex. 7, p. 12.) After such a dispute arose, Dixie Aire paid the deposit into the District Court of Oklahoma County in an interpleader action.  That state court action was then removed to this court and became the instant action in which SPW and the other parties have filed their cross-claims against Mr. Cauff.

The above-described evidence constitutes a *prima facie* showing of specific personal jurisdiction over Mr. Cauff for purposes of SPW's cross-claims, and indeed, for purposes of this action and all cross-claims alleged in this action because all cross-claims arise out of the same operative facts.[3]  As an additional factor favoring personal jurisdiction over Mr. Cauff, the court also notes the nature of SPW's cross-claims. SPW's cross-claims allege that Jet Network, Inc. and Jet Network, L.L.C. were alter egos and instrumentalities of each other and of Mr. Cauff.  Although little evidence of this alter ego relationship has been identified at this point, the alter ego allegations are quite detailed.  SPW's cross-claims also include detailed claims against Mr. Cauff for fraud based on alleged misrepresentations and omissions by Mr. Cauff.

Interpreting all disputed evidence in SPW's favor as it must at this stage, the court finds and concludes that SPW has made a *prima facie* showing that Mr. Cauff

---

[3]*Cf.*, United States v. Botefuhr, 309 F.3d 1263, 1272 (10th Cir. 2002) (recognizing doctrine of "pendent personal jurisdiction" which "exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim").

personally participated in the creation of contractual obligations out of which this action arose and which he and other parties expressly intended to be performed in Oklahoma.  Regardless of the capacity in which it may ultimately be proven that Mr. Cauff acted, SPW has made a *prima facie* showing that Mr. Cauff purposefully directed his activities at residents of the forum (such as the escrow agent, Dixie Aire) and that this action and its cross-claims  result from those alleged activities.

In these circumstances it does not violate due process standards to hale Mr. Cauff into court in Oklahoma in his personal capacity.  SPW has shown that this court has specific jurisdiction over Mr. Cauff, and to the extent Mr. Cauff's motion argues otherwise it will be denied.

## B.  Failure to State A Claim

Mr. Cauff also moves for dismissal of SPW's cross-claims against him under Rule 12(b)(6), Fed. R. Civ. P.

In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court prescribed a new inquiry to use in reviewing a dismissal; that inquiry is whether the claim contains enough facts to state a claim to relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, ___ F.3d ___, 2007 WL 1969681 at * 3 (10th Cir., 2007), quoting Bell Atlantic Corp., 127 S.Ct. at 1974.  In order to survive a motion to dismiss, a plaintiff must nudge his claim across the line from conceivable to plausible.  Ridge at Red Hawk, L.L.C., 2007 WL 1969681 at *3, quoting Bell Atlantic Corp., 127 S.Ct. at 1974.  The court, in conducting its review, still assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  Ridge at Red Hawk, L.L.C., 2007 WL 1969681 at *3.

In support of his Rule 12(b)(6) argument, Mr. Cauff argues that punitive damages for breach of contract are barred under Florida law.  Mr. Cauff argues that

SPW alleges no independent tort in its cross-claims and that under the Florida economic loss rule any punitive damages claims against Mr. Cauff must be dismissed.

Mr. Cauff's arguments necessarily require a finding that Florida law applies. His choice of law analysis, however, does not mention the law of the forum state despite the fact that the correct choice of law is determined by the conflict of laws rules of the forum state. Yoder v. Honeywell Inc., 104 F.3d 1215, 1219 (10th Cir. 1997) citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). In any event, for the benefit of the parties, the court states its preliminary agreement with the analysis included in SPW's response brief. (See doc. no. 186, pp. 10-11, n. 5.) Therefore, although it would be premature to conclusively adjudicate now which state's law applies to all disputes, based on the allegations and the evidence before the court at this stage it appears that only the law of either Oklahoma or Missouri may bear a reasonable relation to the transaction. Accordingly, Mr. Cauff has not shown that he is entitled to dismissal based on any characterizations of Florida law. To the extent Mr. Cauff's motion rests on Florida law, it will be denied.

Mr. Cauff also argues for dismissal under Rule 12(b)(6) on the ground that Mr. Cauff himself was not a party to the purchase contract between SPW and Jet Network, Inc. regarding the sale of the aircraft. As a result, Mr. Cauff argues that he should be dismissed from any breach of contract cross-claims for lack of privity. SPW's cross-claims allege alter ego claims and joint venture theories of liability against Mr. Cauff, and they do so in a detailed manner. Given the liberality with which the court must evaluate SPW's cross-claims at this stage, the cross-claims are plausible despite any argued lack of privity. To the extent Mr. Cauff seeks dismissal based on lack of privity, his motion will be denied.

### III.  Motion to Dismiss Milberg Weiss's Cross-Claims

### A.  Failure to State a Claim

Mr. Cauff's motion to dismiss the cross-claims alleged against him by Milberg, Weiss, Bershad and Schulman, L.L.P. ("Milberg Weiss") (doc. no. 104) states that he moves for dismissal  under Rule 12(b)(6).[4]  The first ground for dismissal described in that motion, however, is lack of personal jurisdiction over Mr. Cauff.  That ground is properly considered under the standards of Rule 12(b)(2), not Rule 12(b)(6), and the court applies the standards of Rule 12(b)(2).

This order's previous determination that Mr. Cauff may be haled into court in Oklahoma for purposes of this action and specifically for purposes of all cross-claims because all cross-claims arise out of the same operative facts is dispositive of Mr. Cauff's motion to the extent it requests dismissal from Milberg Weiss's cross-claims for lack of personal jurisdiction.  As further explanation of its determination that Milberg Weiss's cross-claims arise out of the same operative facts as the other claims, the court notes here that Milberg Weiss's cross-claims against Mr. Cauff seek only indemnity and contribution in the event that Milberg Weiss becomes obligated to SPW.  These cross-claims necessarily arise out of the same underlying events that form the basis of SPW's cross-claims against Mr. Cauff.  Additionally, Milberg Weiss's cross-claims allege that Jet Network, L.L.C. acted "by and through Cauff" (doc. no. 46, p. 2), and the cross-claims refer repeatedly to the escrow agreement and to the deposit with Dixie Aire.  The indemnity claim alleges that it was the conduct of Jet Network and Mr. Cauff "that caused SPW's damages, if any."  (Doc. no. 46, p. 4.)  The court concludes that there has been a *prima facie* showing that the court has

---

[4]The cross-claims of Milberg Weiss that are challenged by Mr. Cauff's motion to dismiss are found at doc. no. 46 styled "Defendant Milberg Weiss' Original Cross-Claim."

specific personal jurisdiction over Mr. Cauff for purposes of Milberg Weiss's cross-claims against Mr. Cauff.

### B.  Failure to Join Real Party in Interest

Mr. Cauff also argues for dismissal under Rule 12(b)(7), Fed. R. Civ. P., on the ground that Milberg Weiss has failed to join Jet Network, L.L.C., an entity which Mr. Cauff asserts is the real party in interest.  Jet Network, L.L.C. has now been joined in this action, however, so that this issue is moot and provides no grounds for dismissal.

### C.  Florida Law as Grounds for Dismissal

Mr. Cauff next argues for dismissal of Milberg Weiss's cross-claims on the ground that Florida law applies.  He states that Florida has an economic loss rule which bars a claim for fraud where there is a cause of action for breach of contract or where the injury is one which flows from a failure to perform the heart of the agreement.  This argument is essentially the same argument that Mr. Cauff makes for dismissal of SPW's cross-claims based on Florida law.  As such, it is an argument which the court has already rejected as grounds for dismissal.  Even if Florida law were later found to apply and Florida's economic loss rule were later held to bar certain claims or damages, such rulings would not defeat Milberg Weiss's entitlement to indemnity or contribution with respect to whatever damages are ultimately adjudicated against it.  Accordingly, the court rejects Florida law as grounds for dismissal of Milberg Weiss's cross-claims for punitive damages.

### D.  Failure to State a Claim
### For Indemnity or Contribution

Finally, Mr. Cauff argues that to state a claim for indemnity or contribution Milberg Weiss "must allege a common liability to the injured party."  Mr. Cauff has cited no authority for the proposition that in order to seek indemnity or contribution a party is required to re-allege the particulars of the underlying claims alleged by other

parties.  The court fails to see what requiring additional and redundant pleading could possibly add to the already complicated allegations in this action.  More importantly, any such requirement might place an impossible burden on Milberg Weiss under Rule 11, Fed. R. Civ. P.  The court rejects Mr. Cauff's argument that Milberg Weiss has not stated a claim for indemnity and contribution.  To the extent Mr. Cauff seeks dismissal on this ground, the motion will be denied.

IV.  <u>Motion to Dismiss Melvyn Weiss's Cross-Claims</u>

Melvyn Weiss's cross-claims against Mr. Cauff are similar to Milberg Weiss's cross-claims against Mr. Cauff for indemnity and contribution, but Melvyn Weiss also brings cross-claims for breach of the escrow agreement and fraud.[5]

The court's previously stated determination that it has personal jurisdiction over Mr. Cauff for purposes of this action and all cross-claims disposes of Mr. Cauff's first ground for dismissal which is lack of personal jurisdiction.  In further support of this result, the court notes here that Melvyn Weiss's cross-claims allege that Mr. Cauff was a direct participant in events directed at Oklahoma which gave rise to this action and to Melvyn Weiss's specific cross-claims against Mr. Cauff.  (See, doc. no. 60, ¶¶ 1-6, background facts.)  To the extent that Mr. Cauff's other grounds for dismissal also make arguments which have already been rejected, the court rejects those arguments again.  Thus, Mr. Cauff's motion will be denied not only to the extent that it seeks dismissal based on lack of personal jurisdiction over Mr. Cauff, but also to the extent that it argues for dismissal based on failure to join the real party in interest, application of Florida law and the Florida economic loss rule, and failure to adequately allege indemnity or contribution claims.

---

[5]The cross-claims which are challenged by Mr. Cauff's motion to dismiss are found at doc. no. 60 styled "Original Cross-Claim of Defendant Melvyn I. Weiss."

Mr. Cauff makes two other arguments for dismissal of Melvyn Weiss's cross-claims. The first is that Melvyn Weiss fails to adequately plead a cause of action for fraud. However, Melvyn Weiss's cross-claims against Mr. Cauff allege, among other things, that Jet Network and Mr. Cauff "falsely represented the terms of its buy-sell agreement with SPW." (Doc. no. 60, p. 2, ¶ 5.) Melvyn Weiss's allegations state a plausible claim for fraud against Mr. Cauff. If these allegations are read in context with other allegations by other parties, it is even more evident that Melvyn Weiss has stated a plausible claim for fraud against Mr. Cauff.

Mr. Cauff's final argument is that no claim for breach of the escrow agreement is stated by Melvyn Weiss against Mr. Cauff because Mr. Cauff is not a party to that agreement. This is similar to SPW's lack of privity argument, which has already been rejected. Melvyn Weiss's cross-claim repeatedly alleges that Jet Network acted "by and through Cauff" with respect to conduct relevant to breach of the escrow agreement. With or without the context provided by the other parties' allegations, Melvyn Weiss has stated a plausible claim against Mr. Cauff for breach of the escrow agreement.

In short, all of Melvyn Weiss's cross-claims against Mr. Cauff (for indemnity, contribution, fraud, and breach of the escrow agreement) are plausible. To the extent Mr. Cauff argues otherwise, the motion to dismiss will be denied.

V.  Conclusion

Having carefully considered the issues raised by all of the parties' motions and briefing papers along with the pleadings, the record, and the legal authorities, Mr. Cauff's three motions to dismiss are **DENIED** *en toto*.

To the extent the motions sought dismissal for lack of personal jurisdiction over Mr. Cauff, the motions are denied without prejudice to re-urging that ground at a later date when the evidentiary record is complete and the merits of the alter ego claims,

Case 5:07-cv-00141-F   Document 200   Filed 02/28/08   Page 12 of 12

with which the jurisdictional issues are intertwined, are before the court for dispositive adjudication. If the personal jurisdiction defense is re-urged, the claimant parties will then be required to prove jurisdictional facts by a preponderance of the evidence. Nothing stated in this order is intended to pre-judge any personal jurisdictional issues which might come before the court at that time. Likewise, nothing stated in this order is intended to pre-judge any choice of law issues.

Dated this 28th day of February, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0141p040(pub).wpd