**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DIXIE AIRE TITLE SERVICES, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | )    Case No. CIV-07-0141-F <br> ) |
| SPW, L.L.C., | ) <br> ) |
| Defendants. | ) |

## ORDER

This order addresses four motions, each of which have been fully briefed.[1]  The motion to expand the bankruptcy stay (doc. nos. 249, 259) relates to the court's ability to proceed in this action against certain parties.  Accordingly, that motion is addressed first.  This order then addresses the three pending dispositive motions (doc. nos. 198, 199, 204).

I.

<u>Motion of Jet Network, Inc., Joined in by Cauff,</u>

<u>to Expand the Bankruptcy Stay</u>

(Doc. no. 249, joined in by Cauff at doc. no. 259)

Following the Chapter 7 involuntary bankruptcy of Jet Network, L.L.C., defendants Jet Network, Inc. and Stuart L. Cauff (Cauff) moved to expand the existing stay of claims and cross-claims alleged against Jet Network, L.L.C.  Movants seek to

---

[1] In addition to these four substantive motions, Jet Network, Inc. has also filed a fifth motion seeking leave to file a reply brief in support of its motion to expand the bankruptcy stay (doc. no. 292, filed April 22, 2008).  The court has considered the issues as to which Jet Network, Inc. wishes to submit further briefing.  Jet Network, Inc.'s position on those issues does not change the analysis or the result stated in this order with respect to the bankruptcy stay.  Accordingly, the motion for leave to file a reply brief is **DENIED**.

stay all claims and cross-claims alleged against either or both of them. Movants argue they are entitled to an expanded stay under 11 U.S.C. §362(a)(1). By its terms, however, §362(a)(1) only stays an "action or proceeding against the debtor."

The automatic bankruptcy stay is one of the fundamental debtor protections provided by the bankruptcy laws. Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1330 (10th Cir. 1984). It gives the debtor a breathing spell from its creditors, and it stops all collection efforts, all harassment, and all foreclosure actions. *Id*. The stay permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy. *Id.* As observed in Fortier, given the rationale for the automatic bankruptcy stay as a protection for the debtor, "[i]t would make no sense to extend the automatic stay protections to solvent co-defendants." *Id.* at 1330.

Recognizing that this is the general rule, movants point out that some courts allow a stay to be expanded to stay claims alleged against non-debtor co-defendants. This narrow exception arises when there is such "identity" between the debtor and non-debtor parties, "that the debtor may be said to be the real party defendant and that a judgment against the [non-debtor defendant] will in effect be a judgment or finding against the debtor." *See*, A.H. Robins Company, Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986). The rationale for this exception is that in such instances, a judgment against a non-debtor contravenes the purpose of the § 362 stay to protect the debtor. Thus, in light of the alter ego and joint venture theories of liability alleged in this action, movants argue that any judgment entered against either of them "would effectively constitute a judgment against the debtor...in direct contravention with the purpose behind the §362 stay." (Doc. no. 249, p. 5.)

Alter ego liability on Jet Network, L.L.C.'s part does not arise automatically upon proof of the underlying claims (*i.e.* fraud, fraudulent inducement or breach of

-2-

contract) alleged against Jet Network, Inc. or Cauff. Alter ego liability would only arise after proof of the necessary elements for that type of liability. The same is true with respect to joint and several liability which arises upon proof of the elements of a joint venture. Thus, a judgment against the movants based on any liability for fraud, fraudulent inducement or breach of contract, is not, "in effect," a judgment against Jet Network, L.L.C. This point is demonstrated by the movants' own arguments, which state that a judgment against either of them "could" be "construed" or "determined" to constitute a judgment against Jet Network, L.L.C. *See also*, In the Matter of St. Petersburg Hotel Associates, Ltd., 37 B.R. 380 (Bankr. M.D. Fla. 1984) (technical legal distinction between corporations and alleged alter egos of corporations must be respected and observed in determining the automatic stay impact with respect to property of someone who is not technically a debtor).

Moreover, all claims and cross-claims against Jet Network, L.L.C. are stayed, regardless of the theory of liability upon which the claims are based. As long as the stay remains in place, there is no possibility of a judgment being entered in this action that expressly imposes any type of liability on Jet Network, L.L.C. If there is any lingering concern about a judgment against either of the movants being construed as a judgment against the debtor, any judgment resulting from this action can simply state that it does not adjudicate, and should not be construed as adjudicating, any matters or claims against Jet Network, L.L.C.

The movants have not shown cause to expand the stay, and the motion is **DENIED**.

## II. Motions for Summary Judgment

The motions for summary judgment are: "Plaintiff, Dixie Aire Title Services, Inc.'s Motion for Summary Judgment" (doc. no. 198); the "Motion for Summary

Judgment of Defendant and Cross-Claimant Melvyn I. Weiss" (doc. no. 199); and "Defendant SPW, L.L.C.'s Motion for Summary Judgment" (doc. no. 204).

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

A. Dixie Aire's Motion for Summary Judgment

(Doc. no. 198)

As the interpleading plaintiff, Dixie Aire Title Services, Inc. (Dixie Aire) seeks summary judgment in its favor on Melvyn I. Weiss's (Weiss's) counterclaim which is alleged against Dixie Aire for breach of the escrow agreement. (The counterclaim alleges Dixie Aire breached contractual and fiduciary duties owed to Weiss by unlawfully retaining the escrowed funds for the benefit of SPW. Doc. no. 60.) As a preliminary matter, Dixie Aire contends, and Weiss agrees, that Oklahoma law governs Dixie Aire's conduct in relation to the escrow agreement. The court concurs

and determines that Oklahoma law governs the escrow transaction for all purposes in this action.

It is undisputed that Dixie Aire commenced this interpleader action by paying approximately $250,000.00 into state court, after which the action was properly removed to this court.[2] These funds are now on deposit with the Clerk of this Court. Dixie Aire makes no claim to these deposited funds. Dixie Aire argues there is no genuine issue: that its standard escrow agreement governed the course of its obligations by default; that Weiss's counterclaim is fatally flawed because what Dixie Aire refers to as "the materially altered instructions" provided by Weiss do not constitute a valid escrow agreement; that Dixie Aire fully complied with its obligations under the standard escrow agreement, which included the authority to pay the funds into court as Dixie Aire did; and that even if the "materially altered instructions" provided by Weiss governed the transaction, the express condition stated in those instructions, upon which Dixie Aire's alleged obligation is based, was never satisfied.

Weiss has objected to the motion,[3] identifying genuine issues of material fact including the question of whether Dixie Aire's standard escrow agreement governs by default or otherwise. For example, Weiss has identified evidence indicating he did not sign the standard escrow agreement and that the modified agreement he did sign did not include the language relied upon by Dixie Aire to establish its right to pay the funds into court and initiate this action. Weiss has identified evidence indicating that

---

[2]The actual amount paid into court is $249,600.00, which is the deposit of $250,000.00 paid to Dixie Aire by defendant Weiss, minus a $400.00 escrow fee deducted by Dixie Aire.

[3]Other parties originally objected to the motion because it states that it seeks summary judgment "against all defendants." Dixie Aire subsequently clarified that it only seeks summary judgment against Weiss because no other party has alleged a claim against Weiss. (Doc. no 238, p. 1.)

the document he signed included a statement about his right to demand a refund of the deposited funds for any reason. Assuming for purposes of argument that the standard escrow agreement relied on by Dixie Aire controls, Weiss has also identified genuine issues of material fact regarding whether Dixie Aire fully complied with the terms of that agreement.

The court concludes that Dixie Aire has not carried its burden to establish that it is entitled to summary judgment in its favor on Weiss' counterclaim alleged against Dixie Aire for breach of the escrow agreement.

### B.  Weiss's Motion for Summary Judgment
(Doc. no. 199)

It is undisputed that Melvyn I. Weiss is the original source of the funds now on deposit with the court. It is undisputed that Weiss paid these funds to Dixie Aire in connection with the escrow transaction that was intended to enable the purchase (or possible purchase) of a Gulfstream American G-1159A aircraft. Based on these and other facts that Weiss contends are undisputed, Weiss moves for summary judgment against Dixie Aire on two grounds, seeking return of the funds that have now been paid into court. First, Weiss argues that he is entitled to return of the funds because interpleader is not an appropriate remedy in this proceeding given Dixie Aire's wrongful and inequitable conduct. As a result, Weiss argues, Dixie Aire is not entitled to avail itself of the defense of interpleader so that the funds on deposit with the court should be released to Weiss. Second, Weiss argues that a valid escrow agreement was not created by his deposit of the funds with Dixie Aire. Absent a valid escrow, Weiss argues that Dixie Aire had no right to pay the funds into court so that the funds should be returned to Weiss on this additional ground.

Dixie Aire has objected to the motion, identifying genuine issues of material fact regarding:  whether Weiss's wiring of the funds to Dixie Aire constituted

acceptance by Weiss of the standard escrow agreement and entitled Dixie Aire to hold the funds; whether Weiss's modified terms regarding his ability to demand a refund had any effect; whether Weiss was negligent or careless relative to his involvement in the acquisition of the aircraft because Weiss transmitted the $250,000.00 deposit to Dixie Aire without also transmitting, at that time, further instructions to Dixie Aire; and whether, under the standard escrow terms faxed to Weiss by Dixie Aire (or under the governing statutes and rules of civil procedure), Dixie Aire was entitled to pay the funds into court after competing claims arose.  Dixie Aire reiterates its position that "while the nuances of an offer and acceptance can be more fully explored, it is really unnecessary from Dixie's perspective," essentially arguing that this is the type of situation in which competing claims entitle an escrow agent such as Dixie Aire to bring an interpleader action. (Doc. no. 238, p. 7.)[4] In short, Dixie Aire argues that it was entitled to pay the funds into court and that, as a result of disputed fact issues regarding Weiss' own actions and inactions, Weiss is not entitled to an order summarily requiring release of the funds to him.

SPW, L.L.C., a co-defendant and the undisputed original seller (or prospective seller) of the aircraft, has also objected to the relief requested in Weiss' motion. Although Weiss's motion expressly states that it is brought against Dixie Aire, SPW objects to the motion because the relief sought in the motion -- return of the deposited funds to Weiss -- would be prejudicial to SPW's position that it, not Weiss, is entitled to the funds. SPW has identified evidence to support its theory that Weiss was a joint venturer with Jet Network, Inc. (and/or Jet Network, L.L.C., but proceedings against

---

[4] The court notes that parties in this action at the time of the status and scheduling conference on April 5, 2007 (which did not include Melvyn I. Weiss but which did include Milberg, Weiss, Bershad and Schulman, L.L.P.), stipulated in their joint status report (doc. no. 23, p. 5) that "[s]tatutory interpleader jurisdiction is proper in this case...."

Jet Network, L.L.C. are stayed), the entity with which SPW contracted for the sale of the aircraft. As a result, SPW alleges that Weiss and Jet Network, Inc. are jointly liable to SPW for breach of the purchase contract so that Weiss is not entitled to summary judgment against SPW. (SPW alleges that the joint venture was comprised of Jet Network, Inc., Jet Network, L.L.C., Cauff, Milberg Weiss Bershad & Schulman L.L.C. and/or Weiss. Doc. no. 131, ¶ 25.)

SPW has identified evidence which could suggest that Weiss paid the funds to Dixie Aire while concealing alleged conditions of the sale, so that Weiss is estopped from asserting that the $250,000.00 is not subject to the contract including the contract's liquidated damages provision. SPW has also identified evidence to show[5] that SPW took the aircraft off the market and submitted the aircraft to pre-purchase inspection in reliance on the purchase contract, incurring substantial costs in connection with inspection and repairs. SPW has identified evidence to show that a valid and enforceable escrow was created when Weiss unconditionally paid the $250,000.00 to Dixie Aire, the alleged effect of which was to render the deposit irreclaimable except in the event of a failure of a party to fulfill the conditions of the purchase contract. SPW has identified evidence to show that it was ready and willing to complete the purchase contract on the delivery date. SPW has identified evidence to support its position that the liquidated damages provision in the purchase contract is enforceable.

---

[5] Of course, a party need not actually "show" or "prove" or "establish" anything to defeat a motion for summary judgment. A party must merely demonstrate the existence of a genuine issue of material fact. Although this order sometimes uses the quoted terms because they are used in the case law, the court has consistently judged the viability of the claims and cross-claims challenged in these motions by the lesser standard which is appropriate at this stage. Goodwin v. General Motors Corporation, 275 F.3d 1005, 1011 at n.7 (10th Cir. 2002) (abrogated on other grounds.).

Although Weiss's motion does not expressly seek relief against any party other than Dixie Aire, Jet Network, Inc. and Cauff have also objected to Weiss's motion, disputing some of Weiss's proposed statements of undisputed material fact.

The court concludes that Weiss has not carried his burden to establish that he is entitled to summary judgment against Dixie Aire or to return of the funds on deposit with the court.

### C.  SPW's Motion for Summary Judgment

(Doc. no. 204)

SPW moves for partial summary judgment against co-defendants Jet Network, Inc., Stuart Cauff, Milberg Weiss Bershad & Schulman L.L.C. (Milberg Weiss), and Weiss.[6]  SPW seeks the following rulings as a matter of law: 1) that Jet Network, Inc. accepted or is deemed to have accepted the aircraft, breached its duty to pay the purchase price under the contract, and is liable to SPW for damages; or alternatively, 2) that Jet Network, Inc. breached its duty to accept, and then wrongfully rejected, the aircraft and is liable to SPW for damages; 3) that the liquidated damages provision of the purchase contract between SPW and Jet Network, Inc. is valid and enforceable; 4) and that, as a result, SPW is entitled to recover as liquidated damages the funds on deposit with the court or is at least entitled to a money judgment against Jet Network, Inc. in the amount of $250,000.00 as liquidated damages.

Defendant Cauff responds with several arguments.  First, Cauff contends that SPW's motion impermissibly seeks judgment against Cauff on a claim brought under the governing state's version of the Uniform Commercial Code, a theory of relief

---

[6]SPW originally moved against defendant Jet Network, L.L.C. as well, but proceedings against Jet Network, L.L.C. are  stayed.  Prior to the notice of the bankruptcy (but after the petition in bankruptcy was filed), Jet Network, L.L.C. was deemed by this court to be in default with respect to all claims or cross-claims alleged against it in this action.  (Doc. no. 196.)

-9-

which Cauff argues SPW has not pled.  A party is not required to plead specific legal theories as long as a late shift in the thrust of the case is not prejudicial the other party in maintaining its defense on the merits; a party need only give fair notice of the claims it is asserting.  Palace Exploration Co. v. Petroleum Development Co., 316 F.3d 1110, 1116-17 (10th Cir. 2003).  SPW has alleged facts sufficient to support a breach of contract claim, whether under common law breach of contract theories or under the governing commercial code.  Cauff has not shown prejudice.  The court concludes that SPW's theories of liability, to the extent they are based on the governing commercial code, are proper in this action.  Thus, the court rejects Cauff's first argument as to why SPW's motion for summary judgment should be denied.

Cauff's second argument as to why the court cannot grant SPW's motion against Cauff is that Cauff has not been proven subject to the personal jurisdiction of the court, an issue reserved in a previous ruling.  Cauff's response brief (doc. no. 244, pp. 6-8) purports to dispute SPW's proposed undisputed material fact (UMF) ¶ 6.  Proposed UMF ¶ 6 states, in pertinent part, that "Cauff asked Weiss to deposit the amount of $250,000.00 in Oklahoma City, Oklahoma with Dixie Aire as escrow agent to secure the contract to be entered into between SPW and Jet, Inc." (Doc. no. 204, p. 3, UMF ¶ 6.)  Cauff has not identified evidence disputing Cauff's personal involvement in directing the funds in question to Dixie Aire.  Nor has Cauff identified any evidence to dispute that he knew, at all material times, that Dixie Aire was located in Oklahoma City, Oklahoma.[7]

---

[7]Cauff's response brief (doc. no. 244) purports to dispute SPW's UMF ¶ 6.  Cauff argues there was some confusion regarding which of two possible letters of intent Cauff referred to during his deposition.  Both letters of intent provide that the funds will be deposited with Dixie Aire in Oklahoma City.

The court finds that the record evidence shows without dispute that Cauff personally directed his activities toward a resident of Oklahoma, Dixie Aire, in connection with the escrow transaction. The court concludes that Cauff is personally subject to the jurisdiction of this court for all purposes relevant to this action.[8] The court rejects Cauff's argument that SPW's motion for summary judgment against him should be denied due no adjudication of jurisdiction.

As for the balance of Cauff's arguments objecting to summary judgment against him in favor of SPW, Cauff has identified genuine issues of material fact including: whether SPW met the conditions of a letter of intent; whether SPW is entitled to liquidated damages; and whether delivery conditions were met. Cauff has identified disputed fact issues regarding the reasonableness of treating the $250,000.00 deposit as liquidated damages, and regarding SPW's actual damages in light of SPW's subsequent lease of the aircraft to a third party.

Jet Network, Inc.'s objection to SPW's motion makes some of the same arguments regarding disputed fact issues that have been made by Cauff.

---

[8]Cauff's argument that SPW has not yet proven that the corporate veil should be pierced, and the alter ego claims themselves, are immaterial to the court's finding of jurisdiction over Cauff at this stage. (The existence of the alter ego claims was material at the motions to dismiss stage as an additional reason to deny the motion to dismiss.) Given the undisputed fact that Cauff personally directed his activities at residents of Oklahoma, the court has jurisdiction over him regardless of the capacity in which he acted. Employees or officers of a corporation that are subject to the personal jurisdiction of the courts of the forum, may themselves be subject to jurisdiction of those courts where the employees or officers were primary participants in the activities forming the basis of jurisdiction over the corporation or entity. *See*, Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles, 87 F.3d 413, 418 (10th Cir. 1996) (corporate employees subject to jurisdiction); Chicago Blower Corp. v. Air. Sys. Assocs., 623 F. Supp. 798, 804 (E.D. Mich. 1985) ("The Calder decision [Calder v. Jones, 465 U.S. 783 (1984)] has been interpreted by almost all courts as holding that where the state long-arm statute extends to the limit of due process, the exercise of jurisdiction over corporate officers who individually have had minimum contacts with the forum is permissible, even if those contacts were made in their capacity as corporate officers").

Defendants Weiss and Milberg Weiss also object to SPW's motion, arguing, among other things, that the only instructions Dixie Aire ever received concerning the Weiss deposit required Dixie Aire to refund the deposit at Weiss's request. Weiss, and Milberg Weiss, argue that even if SPW is correct and SPW is entitled to damages for breach of the aircraft purchase agreement between SPW and Jet Network, Inc., it does not follow that SPW is entitled to satisfy any judgment in its favor out of the funds deposited with the court. These defendants point out that Weiss is the original source of the funds now on deposit with the court. They also point to the evidence identified by Weiss in Weiss's own motion for summary judgment, and in his response to Dixie Aire's motion for summary judgment, which supports Weiss's claim that the funds should be returned to him.

The court concludes that SPW has not carried its burden to establish that it is entitled to summary judgment against any of its co-defendants.

### III.  Rulings

After careful consideration of the parties' moving papers, the record, and the relevant authorities, the court rules as follows.

Jet Network, Inc.'s motion to expand the bankruptcy stay, joined in by Stuart L. Cauff, is **DENIED**.

With respect to the motions for summary judgment, there are genuine issues of material fact which preclude the relief sought by each of the movants. This order contains rulings on a few narrow issues as a matter of law. Those are 1) that Oklahoma law governs the escrow transaction; 2) that SPW is entitled to pursue theories of liability based on the governing state's commercial code; and 3) that the court has personal jurisdiction over Mr. Cauff. All other issues raised by the moving papers present complex and interwoven disputes inappropriate for determination at this stage. Accordingly, Dixie Aire Title Services, Inc.'s motion for summary

judgment (doc. no. 198), Melvyn I. Weiss's motion for summary judgment (doc. no. 199), and SPW, L.L.C.'s motion for summary judgment (doc. no. 204), are **DENIED**.

Dated this 24th day of April, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0141p055(pub).wpd